United States District Court
Eastern District of Michigan
Northern Division

United States of America,

        Plaintiff,

                            Hon. Thomas L. Ludington

v.

                            Case No. 23-CR-20043

Dulani Degrate,

        Defendant.

_____/

# Plea Agreement

The United States of America and the defendant, Dulani Degrate, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

## 1.  Count[s] of Conviction

The defendant will plead guilty to Count 1 of the indictment. Count 1 charges the defendant with possession with the intent to distribute cocaine under 21 U.S.C. § 841.

## 2.  Statutory Minimum and Maximum Penalties

The defendant understands that the count to which he is pleading guilty carries the following maximum statutory penalties:

| Count 1 | Term of imprisonment: | 20 years |
|---|---|---|
| | Fine: | $1,000,000 |
| | Term of supervised release: | Minimum of 3 years up to life |

### 3.  Agreement Not to Bring Additional Charges

If the Court accepts this agreement and imposes sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan will not bring additional charges against the defendant for the conduct reflected in the Rule 11 plea agreement.

### 4.  Agreement to Forgo or Withdraw § 851 Information Requiring Enhanced Penalties

The defendant acknowledges that he has prior convictions that may subject him to enhanced statutory penalties under the Controlled Substances Act. As part of this plea agreement, the government agrees that it will not file an information under 21 U.S.C. § 851 and that it will withdraw any information under 21 U.S.C. § 851 that has already been filed.

### 5.  Elements of Count of Conviction

The elements of Count 1 are:

1.    defendant possessed a mixed or substance containing a detectable amount of the controlled substance cocaine;

2.    defendant did so knowingly; and

3.    defendant intended to distribute it.

6.    **Factual Basis**

The parties agree that the following facts are true, accurately describe the defendant's role in the offense, and provide a sufficient factual basis for the defendant's guilty plea:

On January 3, 2023, Dulani Degrate was driving a car in the Northern Division, Eastern District of Michigan. Inside the car, in which Degrate was the sole occupant, Degrate had $1,600 in cash. In the engine compartment the police found a clean bag containing 389 grams of powder cocaine and 5.1 grams of crack cocaine. Degrate knew the cocaine was there and intended to distribute it to others.

7.    **Advice of Rights**

The defendant has read the indictment, has discussed the charges and possible defenses with his attorney, and understands the crime charged. The defendant understands that, by pleading guilty, he is waiving many important rights, including the following:

Page 3 of 15

A.  The right to plead not guilty and to persist in that plea;

B.  The right to a speedy and public trial by jury;

C.  The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

D.  The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

E.  The right to confront and cross-examine adverse witnesses at trial;

F.  The right to testify or not to testify at trial, whichever the defendant chooses;

G.  If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

H.  The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

I.  The right to compel the attendance of witnesses at trial.

8.      **Collateral Consequences of Conviction**

The defendant understands that his conviction here may carry additional consequences under federal or state law. The defendant understands that, if he is not a United States citizen, his conviction here may require him to be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant further understands that the additional consequences of his conviction here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's conviction might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from his conviction.

9. **Defendant's Guideline Range**

A. **Court's Determination**

The Court will determine the defendant's guideline range at

sentencing.

B. **Acceptance of Responsibility**

The government recommends under Federal Rule of Criminal

Procedure 11(c)(1)(B) that the defendant receive a two-level reduction

for acceptance of responsibility under USSG § 3E1.1(a). Further, if the

defendant's offense level is 16 or greater and the defendant is awarded

the two-level reduction under USSG § 3E1.1(a), the government

recommends that the defendant receive an additional one-level

reduction for acceptance of responsibility under USSG § 3E1.1(b). If,

however, the government learns that the defendant has engaged in any

conduct inconsistent with acceptance of responsibility—including, but

not limited to, making any false statement to, or withholding

information from, his probation officer; obstructing justice in any way;

denying his guilt on the offense(s) to which he is pleading guilty;

committing additional crimes after pleading guilty; or otherwise

demonstrating a lack of acceptance of responsibility as defined in USSG

§ 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

### C.   Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraph 9.B. Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

### D.   Not a Basis to Withdraw

The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if he disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations in paragraph 9.B. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

10. **Imposition of Sentence**

  A. **Court's Obligation**

The defendant understands that in determining his sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

  B. **Imprisonment**

  1. **Recommendation**

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant's sentence of imprisonment not exceed the bottom of the defendant's guideline range as determined by the Court.

  2. **No Right to Withdraw**

The government's recommendation in paragraph 10.B.1 is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if

the Court decides not to follow the government's recommendation. If however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

### C.   Supervised Release

#### 1.   Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the Court impose a three-year term of supervised release.

#### 2.   Later revocation of supervised release

The defendant understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 10.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

### D.   Fines

There is no recommendation or agreement as to a fine.

### E.   Restitution

The Court must order restitution to every identifiable victim of the defendant's offense. There is no recommendation or agreement on restitution. The Court will determine at sentencing who the victims are and the amounts of restitution they are owed.

The defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. 18 U.S.C. §§ 3612(c) and 3613. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

The defendant agrees to make a full presentence disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form and the accompanying releases for the purpose of determining his ability to pay restitution. The defendant agrees to complete and return the Financial Disclosure Form within three weeks of receiving it from government counsel. The defendant

agrees to participate in a presentencing debtor's examination if requested to do so by government counsel.

### F.   Special Assessment

The defendant understands that he will be required to pay a special assessment of $100, due immediately upon sentencing.

## 11.   Appeal Waiver

The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence of imprisonment does not exceed the bottom of the guideline range determined by the Court, the defendant also waives any right he may have to appeal his sentence on any grounds.

## 12.   Collateral Review Waiver

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right he may have to challenge his conviction or sentence by

collateral review, including, but not limited to, any right he may have to

challenge his conviction or sentence on any grounds under 28 U.S.C.

§ 2255 (except for properly raised ineffective assistance of counsel or

prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241,

or Federal Rule of Civil Procedure 59 or 60.

## 13.   Consequences of Withdrawal of Guilty Plea or Vacation of Judgment

If the defendant is allowed to withdraw his guilty plea, or if the

defendant's conviction or sentence under this agreement is vacated, the

government may reinstate any charges against the defendant that were

dismissed as part of this agreement and may file additional charges

against the defendant relating, directly or indirectly, to any of the

conduct underlying the defendant's guilty plea or any relevant conduct.

If the government reinstates any charges or files any additional charges

as permitted by this paragraph, the defendant waives his right to

challenge those charges on the ground that they were not filed in a

timely manner, including any claim that they were filed after the

limitations period expired.

14.   **Use of Withdrawn Guilty Plea**

The defendant agrees that if he is permitted to withdraw his
guilty plea for any reason, he waives all of his rights under Federal
Rule of Evidence 410, and the government may use his guilty plea, any
statement that the defendant made at his guilty plea hearing, and the
factual basis set forth in this agreement, against the defendant in any
proceeding.

15.   **Parties to Plea Agreement**

This agreement does not bind any government agency except the
United States Attorney's Office for the Eastern District of Michigan.

16.   **Scope of Plea Agreement**

This plea agreement is the complete agreement between the
parties and supersedes any other promises, representations,
understandings, or agreements between the parties concerning the
subject matter of this agreement that were made at any time before the
guilty plea is entered in court. Thus, no oral or written promises made
by the government to the defendant or to the attorney for the defendant
at any time before the defendant pleads guilty are binding except to the
extent they have been explicitly incorporated into this plea agreement.

If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

17.  **Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by 5pm on September 11, 2023. The government may withdraw from this agreement at any time before the defendant pleads guilty.

Dawn N. Ison
United States Attorney

Anthony Vance
Chief, Branch Offices
Assistant United States
Attorney

Roy Kranz
Assistant United States
Attorney

Dated: 9/1/2023

By signing below, the defendant and his attorney agree that the defendant has read or been read this entire document, has discussed it

with his attorney, and has had a full and complete opportunity to confer with his attorney. The defendant further agrees that he understands this entire document, agrees to its terms, has had all of his questions answered by his attorney, and is satisfied with his attorney's advice and representation.

Elias Escobedo
Attorney for Defendant

Dulani Degrate
Defendant

Dated: 11/30/2023